UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:10-CV-1371-G |
| HARRY P. GOAZ, ) | |
| ) | |
| Defendant. ) | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

In accordance with the court's order entered July 14, 2014 (docket entry 93), and upon consideration of plaintiff's motion for damages, reasonable attorney and investigative fees, and costs, and brief in support (docket entry 94), and the other pleadings and papers on file in this action,

It is hereby **ORDERED**, **ADJUDGED** and **DECREED**:

1. That plaintiff Rolex Watch U.S.A., Inc. ("plaintiff" or "Rolex") is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of plaintiff's federally registered trademarks including, but not limited to, ROLEX, PRESIDENT, CROWN DEVICE (design), DATEJUST,

OYSTER PERPETUAL, YACHT-MASTER, SUBMARINER, and ROLEX DAYTONA.

2. That plaintiff owns, among others, the following federal trademark registrations in the U. S. Patent and Trademark Office ("Rolex Registered Trademarks"):

| Trademark | Reg. No. | Date | Goods |
|---|---|---|---|
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ♛ CROWN DEVICE | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/93 | Watches. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |

3. That final judgment is entered in favor of plaintiff and against defendant Harry P. Goaz ("defendant" or "Goaz") based on defendant's acts of selling and offering for sale watches that he knew bore counterfeits of the Rolex Registered Trademarks, in violation of 15 U.S.C. § 1114 (federal trademark counterfeiting and infringement) and 15 U.S.C. § 1125(a) (false designations of origin).

4. That defendant and his agents, servants, employees, and all other persons in active concert or participation with them who receive actual notice of this Final

Judgment and Permanent Injunction ("Judgment") by personal service or otherwise, are permanently enjoined from:

    (a)    manufacturing [or causing to be manufactured], importing, advertising, promoting, distributing, selling, or offering to sell counterfeit or infringing goods bearing or using any of the Rolex Registered Trademarks;

    (b)    infringing, counterfeiting or otherwise diluting the distinctive quality of the Rolex Registered Trademarks, or taking any other action which has the effect of injuring plaintiff's business reputation or harming or tarnishing plaintiff's reputation and goodwill in its Rolex Registered Trademarks;

    (c)    using the Rolex Registered Trademarks, or any marks or trade dress confusingly similar thereto, in connection with the sale of any unauthorized goods;

    (d)    using any logos, trade names, words, symbols or trademarks which may be calculated to falsely advertise defendant's services or products as being sponsored, authorized or endorsed by plaintiff, or in any way associated with plaintiff;

    (e)    falsely representing themselves as being connected with plaintiff, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade or purchasing public to believe that defendant's goods or services are in any way endorsed or approved by plaintiff, or otherwise associated with plaintiff;

(f) using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks in connection with the manufacture, importation, distribution, promotion, advertising, or sale of any goods sold by defendant, including, without limitation, watches, watch bracelets, and related products;

(g) affixing, applying, annexing or otherwise using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent defendant's goods as being those of plaintiff, or in any way endorsed by plaintiff, and from offering such goods in commerce;

(h) using the Rolex Registered Trademarks or any marks confusingly similar thereto (i) within domain name extensions, meta tags, or other markers within website source code; (ii) on any webpage (including as the title of any web page), on any advertising links to other websites, or from any search engines' databases or cache memory; or (iii) in any other manner which is visible to a computer user or serves to direct computer searches to any websites registered, owned, or otherwise operated by defendant;

(i) otherwise unfairly competing with plaintiff; and

(j) effecting any assignments or transfers, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

5. That plaintiff shall recover from defendant (1) statutory damages in the sum of $1,600,000.00 under 15 U.S.C. § 1117(c); (2) reasonable attorneys' fees in the sum of $205,373.50; (3) reasonable investigator's fees in the sum of $2,469.18; and (4) costs in the sum of $2,576.12.

6. That interest shall accrue on this award at the rate of 0.11% per annum, from the date of entry of this Judgment until this Judgment is paid.

7. That defendant engaged in the illegal trademark counterfeiting and infringement of the Rolex Registered Trademarks knowingly, intentionally, willfully, and maliciously, and therefore, the monetary amounts awarded in this Judgment constitute non-dischargeable debts under 11 U.S.C. § 523(a)(6).

8. That the court reserves and retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of enforcing the terms of this Judgment.

August 15, 2014.

_____
A. JOE FISH
**Senior United States District Judge**